# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00296-CV

## In the Matter of A. H. A.

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
## NO. J-27,528, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A.H.A. was adjudged delinquent after he pleaded guilty to possessing two ounces or less of marihuana in a drug-free zone. *See* Tex. Fam. Code Ann. § 51.03 (West Supp. 2008); Tex. Health & Safety Code Ann. § 481.121(a), (b)(1) (West 2003), § 481.134(f) (West Supp. 2008). The juvenile court placed A.H.A. on probation for nine months in the custody of his parents. A.H.A.'s only contention on appeal is that the juvenile court erred by overruling his motion to suppress evidence. We will overrule this contention and affirm the judgment of delinquency.

A trial court's ruling on a motion to suppress is reviewed for an abuse of discretion. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006); *In re K.C.B.*, 141 S.W.3d 303, 305 (Tex. App.—Austin 2004, no pet.). The trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997); *K.C.B.*, 141 S.W.3d at 305. We give the trial court almost complete deference in determining historical facts, but we review de novo the trial court's application of the law to those facts. *Carmouche*

*v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); *In re V.P.*, 55 S.W.3d 25, 30-31. If the trial court does not make explicit findings of fact, we review the evidence in the light most favorable to the court's ruling and assume that the court made findings that are supported by the record and buttress its conclusion. *Carmouche*, 10 S.W.3d at 327-28.

The search at issue was conducted by Ricardo Soliz, an assistant principal at Akins High School in the Austin Independent School District. In searches of students by public school officials, the standard of suspicion necessary to comport with the Fourth Amendment is reasonable suspicion, not probable cause. *New Jersey v. T.L.O.*, 469 U.S. 325, 340-41 (1986). To determine whether the facts warrant a finding of reasonable suspicion, we consider whether (1) the action was justified at its inception; and (2) the search as actually conducted was reasonably related in scope to the circumstances that justified the original interference. *K.C.B.*, 141 S.W.3d at 306.

Soliz, the only witness at the suppression hearing, testified that at noon on January 30, 2007, he was monitoring the outside courtyard area of the school when he saw two freshman students, A.H.A. and G.R., enter the courtyard from the bus stop area. Soliz testified that freshmen were not supposed to leave the courtyard during their lunch hour and that the bus stop was off limits to students at that time of day. When the two boys saw Soliz, they made a sharp turn and attempted to join a group of boys who were playing ball.

Soliz called the two boys over to him. As they approached, Soliz smelled smoke. When the boys denied smoking, Soliz asked to smell their hands. He detected what he knew from his experience was the odor of marihuana.

2

Soliz took the boys to a room near the cafeteria where they were joined by another assistant principal and a security guard. Soliz first asked G.R. if he had anything in his possession that he should not have. Soliz testified, "[G.R.] right away, he says, you know what, I've got nothing on me. He started taking off shoes . . . and it was like he wasn't scared of anything." Meanwhile, Soliz noticed that "[A.H.A.] here gets real nervous and is taking deep breaths and is grabbing his waistband . . . . I told him you're making me real nervous by the way you're acting."

After searching G.R. and finding nothing of consequence, Soliz turned his full attention to A.H.A. Soliz began by having A.H.A. empty his pockets. Soliz testified that he could smell marihuana on A.H.A.'s breath as they stood close to each other, and he described the marihuana odor on A.H.A.'s hands as "pungent." Soliz then asked A.H.A. to lift his shirt to expose his waistband. Soliz said that A.H.A. was wearing "real baggy pants" over gym shorts. Soliz put his thumbs in A.H.A.'s waistband between his pants and the gym shorts, in the area of his navel. Soliz testified that his thumbs were "within the belt, width of a belt." Soliz moved his hands outwards and, as he did, Soliz felt "an awkward ball or mass around the waistline." Soliz testified that this mass was about the size of a golf ball. Soliz pulled the mass from A.H.A.'s waistline and saw that it was a clear plastic bag containing what appeared to be marihuana.

A.H.A. does not contend that the search was unjustified at its inception. Instead, he urges that the scope of the search unreasonably exceeded that initial justification. Specifically, A.H.A. argues that Soliz's "touching [A.H.A.]'s waist and lower stomach area, under the clothes, skin on skin, mere centimeters from [A.H.A.]'s genital area . . . [was] tantamount to an unreasonable strip search or a near-strip search." A.H.A. argues that such a touching by a school administrator

3

"goes against society's norms and sensibilities regarding what is expected from an educator in a public school setting, so as to be almost per se unreasonable."

A.H.A. exaggerates the intrusiveness of the search. Soliz did not conduct a strip search or even a "near-strip search." A.H.A. was not made to remove any of his clothing or drop his pants to his knees. Soliz did not touch, examine, or see A.H.A.'s genitals or any other private part of his body. A.H.A. was asked only to raise his shirt high enough to expose the waistline of his pants. Soliz testified that this did not expose A.H.A.'s "bare belly." Although, in response to cross-examination, Soliz indicated that it would be "fair to say that [his] thumbs were contacting [A.H.A.]'s bare skin," Soliz also testified that his thumbs were placed between A.H.A.'s pants and his gym shorts, and not inside the gym shorts or any underwear A.H.A. might have been wearing. The search was conducted in a private room in the presence of two other adults and another student. Looking at the evidence in the light most favorable to the court's ruling, considering that the search was initially justified by Soliz's suspicion that A.H.A. possessed marihuana, and taking into consideration Soliz's testimony that the waistline is a common place for students to hide drugs, we conclude that the scope of the search was reasonably related to the circumstances that justified the original interference.

Contrary to A.H.A.'s argument, the search was not shown to have violated school district policy. During his cross-examination of Soliz, A.H.A.'s attorney referred to the Austin school district's written policy regarding searches of students. A copy of this policy was not admitted in evidence, but Soliz did confirm that the policy includes the statement, "School officials may search a student's outer clothing, pockets or property by establishing reasonable cause or

4

securing student's voluntary consent." We find that Soliz's search of the waistband of A.H.A.'s pants did not violate this school district policy.

Finally, A.H.A. argues that the marihuana should have been suppressed pursuant to the statutory exclusionary rule. The code of criminal procedure provides that evidence obtained by an officer or other person in violation of the constitution or laws of Texas or the United States may not be admitted in evidence. Tex. Code Crim. Proc. Ann. art. 38.23(a) (West 2005). This statute applies to juvenile proceedings. Tex. Fam. Code Ann. § 51.17(c) (West Supp. 2008). A.H.A. asserts that in searching him, Soliz intentionally or knowingly caused physical contact that Soliz knew or should have reasonably believed would be offensive to A.H.A. *See* Tex. Penal Code Ann. § 22.01(a)(3) (West Supp. 2008). Therefore, he argues, the marihuana was obtained in violation of state law.

For the purpose of the article 38.23 exclusionary rule, a private citizen's conduct is judged by the same standards that apply to the conduct of police officers. *Miles v. State*, 241 S.W.3d 28, 36 (Tex. Crim. App. 2007). When a private person's conduct is challenged pursuant to article 38.23, we must ask whether a police officer standing in the private person's shoes would have been justified in engaging in the challenged conduct. *See Pitonyak v. State*, 253 S.W.3d 834, 850 (Tex. App.—Austin 2008, pet. ref'd). We are aware of no authority, and A.H.A. cites none, holding that a police officer conducting an otherwise lawful search of the person is guilty of an assault merely because the person regards the search as offensive. *See also* Tex. Penal Code Ann. §§ 9.21 (public duty defense), 9.51 (use of force during search) (West 2003). A.H.A.'s contention that the marihuana should have been suppressed because Soliz was guilty of an assault is without merit.

5

A.H.A.'s issue on appeal is overruled, and the juvenile court's judgment is affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed:   December 30, 2008